Electronically Filed
Intermediate Court of Appeals
30574
10-FEB-2011
10:22 AM

NO. 30574

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

LAURIE HERRELL BLAIN, Plaintiff-Appellee, v.
PETER JAMES BLAIN, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-D NO. 09-1-0405)

ORDER GRANTING DECEMBER 21, 2010 MOTION
TO DISMISS APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Upon review of (1) Plaintiff-Appellee Laurie Herrell Blain's (Appellee Laurie Blain) December 21, 2010 motion to dismiss Appeal No. 30574 for lack of jurisdiction, (2) Defendant-Appellant Peter James Blain's (Appellant Peter Blain) January 3, 2011 memorandum in opposition to Appellee Laurie Blain's December 21, 2010 motion to dismiss Appeal No. 30574 for lack of jurisdiction, and (3) the record, it appears that we do not have jurisdiction over Appellant Peter Blain's appeal from the Honorable Keith E. Tanaka's April 12, 2010 amended divorce decree, because Appellant Peter Blain's appeal is untimely pursuant to Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP).

When a trial court enters multiple appealable judgments,

> [t]he general rule is that where a judgment is amended in a material and substantial respect, the time within which an appeal from such determination may be taken begins to run from the date of the amendment, although where the amendment relates only to the correction of a clerical error, it does not affect the time allowed for appeal.

Poe v. Hawai'i Labor Relations Board, 98 Hawai'i 416, 418, 49 P.3d 382, 384 (2002) (citation, internal quotation marks, and ellipsis points omitted); State v. Mainaaupo, 117 Hawai'i 235, 246 n.6, 178 P.3d 1, 12 n.6 (2008). We need not decide whether the January 5, 2010 divorce decree or the April 12, 2010 amended divorce decree is the appealable final judgment. Even assuming, arguendo, that the latter of these two divorce decrees, the April 12, 2010 amended divorce decree, was the divorce decree that triggered the thirty-day time period under HRAP Rule 4(a)(1) for filing a notice of appeal, Appellant Peter Blain did not file his June 21, 2010 notice of appeal within thirty days after entry of the April 12, 2010 amended divorce decree, as HRAP Rule 4(a)(1) requires. Therefore, Appellant Peter Blain's appeal is untimely.

The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP]."). Consequently, we lack jurisdiction over Appeal No. 30574. Accordingly,

IT IS HEREBY ORDERED that Appellee Laurie Blain's December 21, 2010 motion to dismiss Appeal No. 30574 for lack of jurisdiction is granted, and this appeal is dismissed.

DATED: Honolulu, Hawai'i,  February 10, 2011.

Chief Judge

Associate Judge

Associate Judge